UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVIN L. BLIZZARD and
RUSSELL B. MOTT,

                Plaintiffs,

v.                                                 Case No. 19-cv-524-pp

NEIL THORESON, *et al.*,

                Defendants.

---

## ORDER REQUIRING PLAINTIFFS TO SUBMIT
## CERTIFIED COPIES OF THEIR TRUST ACCOUNT STATEMENTS

---

On April 11, 2019, the plaintiffs filed a joint complaint. Dkt. No. 1. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiffs were incarcerated when they filed their joint complaint. The Court of Appeals for the Seventh Circuit has instructed that in cases where the PLRA applies, each prisoner-plaintiff must pay the entire filing fee. See Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004).

In addition to their joint complaint, the plaintiffs filed a joint request for leave to proceed without prepaying the filing fee. Dkt. No. 2. The day after they filed their joint request, the clerk's office mailed them letters informing them that, before the court will consider their request, each plaintiff must file a certified copy of his institutional trust account statement for the six months preceding the date on which they filed the joint complaint. Dkt. No. 3.

Neither plaintiff has complied with the clerk's office request. The court will give them additional time to file certified copies of their trust account statements. The court will not proceed further with this case until the plaintiffs have filed their trust account statements, and if they don't file them by the deadline the court sets, the court may dismiss the complaint.

The court **ORDERS** that by **June 21, 2019**, each plaintiff must file a certified copy of his trust account statement covering the six months prior to the date on which they filed their complaint (October 2018 through March 2019). If either plaintiff fails to comply with this order, or fails to file a written explanation of why he is unable to comply, the court will dismiss the complaint as to that plaintiff. If *both* plaintiffs fail to comply with this order or fail to explain why they are unable to comply, the court will dismiss the case without prejudice and without further notice to the plaintiffs. See Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . ., the court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.")

Dated in Milwaukee, Wisconsin, this 29th day of May, 2019.

                                            **BY THE COURT:**

                                            **HON. PAMELA PEPPER**
                                            **United States District Court Judge**