UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVIN L. BLIZZARD,
and RUSSELL B. MOTT,

                Plaintiffs,

v.                                           Case No. 19-cv-524-pp

NEIL THORESON, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF ALVIN BLIZZARD'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING COMPLAINT AS TO BLIZZARD FOR FAILURE TO PAY FILING FEE AND FAILURE TO PROSECUTE CASE; GRANTING PLAINTIFF RUSSELL MOTT'S MOTION FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE (DKT. NO. 10), GRANTING HIS MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, DISMISSING COMPLAINT AS TO MOTT BECAUSE HIS CLAIMS ARE NOT RIPE, AND DISMISSING CASE**

---

      Plaintiffs Alvin Blizzard and Russell Mott are Wisconsin state prisoners who are representing themselves. On April 11, 2019, they filed a joint complaint under 42 U.S.C. §1983, alleging that the defendants violated their rights under federal law. Dkt. No. 1. This decision resolves their joint motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and Mott's motion for an extension of time to pay the initial partial filing fee, dkt. no. 10; it also screens their complaint, dkt. no. 1.

1

**I. Joint Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiffs were prisoners when they filed their complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed without prepaying the entire civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the filing fee over time, through deductions from his prisoner account. Id. The Court of Appeals for the Seventh Circuit has instructed that, in cases where the PLRA applies, each prisoner plaintiff must pay the entire filing fee. See Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004).

   A. *Plaintiff Mott's Request to Proceed without Prepaying the Filing Fee (Dkt. No. 2)*

On June 26, 2019, the court ordered Mott to pay an initial partial filing fee of $234.64. Dkt. No. 7. About a month later, the court received from Mott a motion for an extension of time to pay that initial partial filing fee; he asked the court for help getting his institution to release the money to the court. Dkt. No. 10. Before the court ruled on that motion, however, it received from Mott a payment of $350, see dkt. no. 12, which covers the full filing fee for indigent plaintiffs. The court will grant Mott's motion for an extension of time to pay the initial partial filing fee, effective back to the date the fee was due (July 17, 2019), dkt. no. 10, and will grant his motion to proceed without prepayment of the filing fee, dkt. no. 2.

B.  *Blizzard's Request to Proceed without Prepaying the Filing Fee (Dkt. No. 2)*

The day after the plaintiffs filed their joint request to proceed without prepaying the filing fee, the clerk's office sent each of them a letter informing them that before the court would consider their request, each plaintiff must file a certified copy of his institutional trust account statement for the six months preceding the filing of their complaint. Dkt. No. 3.

Neither plaintiff complied with this request, so on May 29, 2019, the court ordered that by June 21, 2019, each plaintiff must file a certified copy of his trust account statement covering the six months prior to the date on which they filed their complaint (October 2018 through March 2019). Dkt. No. 4. The court warned the plaintiffs that if they did not comply with the court's order, the court might dismiss their complaint. Id.

The next day, the court received a letter from the plaintiffs explaining that only recently had they had received the letter from the clerk's office instructing them to file their trust account statements. Dkt. No. 5. They asked if the court would "accept [their] late notice," and they confirmed their interest in continuing with the case. Id. The plaintiffs' letter was dated May 27, 2019, two days before the court entered its order, suggesting that the court's order and the plaintiffs' letter had crossed in the mail.

On June 12, 2019, the court received Mott's trust account statement. Dkt. No. 6. Blizzard did not file his trust account statement by the June 21 deadline. According to the Department of Corrections inmate locator, Blizzard moved from the Milwaukee Secure Detention Facility (the institution where he

3

was housed when the plaintiffs filed their complaint) to Dodge Correctional Institution on May 31, 2019; he was transferred to Fox Lake Correctional Institution on August 22, 2019. See https://appsdoc.wi.gov/lop/home.do (last accessed August 29, 2019). It is likely that Blizzard did not receive the court's May 29 order requiring him to file his trust account statement by June 21, 2019.

Nevertheless, the plaintiffs' May 30 letter acknowledged that Blizzard received the letter from the clerk's office notifying him of his obligation to submit a certified copy of his prison trust account statement. That letter concluded with the following warning: "<u>Failure to comply with this requirement may result in the Court's dismissal of your case.</u>" Dkt. No. 3 (emphasis in the original).

Despite knowing about this requirement for more than three months, Blizzard has not filed a certified copy of his trust account statement. The court will deny his motion to proceed without prepayment of the filing fee and will dismiss the complaint as to Blizzard based on his failure to pay the filing fee and his failure to diligently prosecute the case.

## II. Screening the Complaint as to Mott

A.  *Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to

4

state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   *Allegations in the Complaint*

The complaint lists several defendants—Neil Thoreson, regional chief of probation and parole; Shannon Myers, a probation agent; Sandra Hansen, a probation supervisor; Tiana Nyett, a probation agent; and Lori Kuntsman, a probation supervisor. Dkt. No. 1 at 1-2. The complaint alleges that all these defendants "has [sic] deprived & prohibited registered sex offender[s] . . . from using social networking websites, instant messaging services, and chat programs." Id. at 3. Mott also asserts that prohibiting "the use of internet [in its entirety] is unconstitutional and violates the rights of free speech." Id. The complaint cites Doe v. Prosecutor, Marion Cty., Ind., 705 F.3d 694 (7th Cir. 2013) as a case challenging the "D.O.C. in Indiana to allow registered sex offenders to access the internet & the use of social medial." Id. at 4. The complaint asks for compensation for emotional distress and pain and suffering, and asks the court to order the Department of Corrections to allow all registered sex offenders on or off supervision to access the Internet, social media networking websites, instant messaging services and chat programs. Id. at 5.

C.   *Analysis*

The complaint says that the defendants already have imposed the Internet restrictions Mott challenges. According to the Wisconsin Department of Corrections inmate locator, however, Mott currently is incarcerated at the

6

Milwaukee Secure Detention Facility. See https://appsdoc.wi.gov/lop/home.do (last accessed August 29, 2019). The website indicates that Mott has a "Mandatory Release/Extended Supervision Date" of July 23, 2019, and a "Maximum Discharge Date" of June 6, 2024. Id. More than a month has passed since Mott's MR date; the court does not know why he is not on extended supervision, but it appears that he remains in custody as of the date the court writes this opinion. The court is not clear about how the defendants could have enforced extended supervision conditions as to someone who is not on extended supervision.

The court can't tell from the complaint whether the judge who sentenced Mott imposed the Internet restrictions he challenges, or whether he is alleging that the probation department will impose the restrictions as new conditions that the sentencing court did not impose. If the sentencing court imposed the restrictions, Mott cannot challenge those restrictions under 42 U.S.C. §1983. Heck v. Humphrey "prevents plaintiffs from seeking damages for a criminal conviction or sentence without first showing that the conviction or sentence has been reversed on appeal, expunged by executive order, or declared invalid by a state tribunal or a federal court in a habeas corpus proceeding." Savickas v. Walker, 780 Fed. App'x 592, 594 (7th Cir. 2006) (citing Heck, 512 U.S. 477, 486-87 (1994)). Extended supervision "constitutes a portion of a defendant's bifurcated sentence," and the sentencing court is authorized to imposed conditions of extended supervision. State v. Galvan, 304 Wis.2d 466, 474-5 (Ct. App. 2007) (citing Wis. Stat. §973.01(2)). "[E]xtended supervision is part of the

7

total sentence visited upon a defendant." Id. at 475. If the conditions Mott seeks to challenge were imposed by the court that sentenced him, he cannot use §1983 to challenge those conditions unless he can show that the conditions have been reversed, expunged, or otherwise declared invalid. Savikas, 780 Fed. App'x at 594. He has not made that showing. If Mott wanted to challenge extended supervision conditions imposed by the sentencing judge, he could have done so on appeal; at this point, he must do so through a writ of *habeas corpus*. See Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003).

If the sentencing judge did *not* impose the restrictions Mott seeks to challenge, and he is suing because he thinks the probation office might impose the restrictions after he's released, his claim is not ripe. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Murphy v. Madigan, Case No. 16-cv-11471, 2017 WL 3581175, at *3 (N.D. Ill. Aug. 18, 2017) (quoting Nat'l Park Hosp. Ass'n v. Dept. of Interior, 538 U.S. 803, 807-08 (2003)) (additional citations omitted). Concerns over ripeness "may arise when a case involves uncertain or contingent events that may not occur as anticipated, or not occur at all." Wis. Right to life State Political Action Comm. v. Barland, 664 F.3d 139, 148 (7th Cir. 2011).

8

Because Mott is not yet on extended supervision, if the conditions he challenges weren't imposed by the sentencing judge, there is no way to know if the defendants *will* restrict his Internet access, or how. It would be speculation for the court to assume that Mott will be subject to those restrictions. Mott cannot pursue claims against the defendants based on conditions that the probation officers may never impose or enforce. Because Mott's claims are not ripe, the court will not allow him to proceed with them.

Mott cited Doe, 705 F.3d 694, to support his claim. In Doe, the Seventh Circuit held that an Indiana statute limiting sex offenders' access to parts of the Internet was unconstitutional because it was not narrowly tailored to serve a significant government interest. Mott does not identify any Wisconsin statute that imposes the restrictions he seeks to challenge. Doe would be relevant only if he was challenging a state statute on constitutional grounds.

In summary—if the sentencing judge imposed the restrictions, Mott's claims are Heck-barred. If no one has yet imposed the restrictions, and Mott is suing because he thinks the probation department *might* impose them, his claims are not ripe. If he is challenging a Wisconsin statute that imposes the restrictions, he has not identified it. The court must dismiss the case.

### III. Conclusion

The court **GRANTS** the plaintiffs' joint motion for leave to proceed without prepaying the filing fee as to Mott and **DENIES** the motion as to Blizzard. Dkt. No. 2.

The court **DISMISSES without prejudice** the complaint as to Blizzard based on his failure to pay the filing fee and his failure to diligently prosecute this case.

The court **GRANTS**, *nunc pro tunc* to July 17, 2019, Mott's motion to extend the time to pay the initial partial filing fee. Dkt. No. 10.

The court **DISMISSES without prejudice** the complaint as to Mott because his claims either are Heck-barred or are not ripe.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin, this __ day of August, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**