UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUSSELL B. MOTT,
and ALVIN L. BLIZZARD,

                              Plaintiffs,

v.                                               Case No. 19-cv-524-pp

NEIL THORESON, *et al.*,

                              Defendants.

**ORDER DENYING PLAINTIFF MOTT'S MOTION FOR RECONSIDERATION (DKT NO. 16)**

Plaintiffs Russell Mott and Alvin Blizzard filed a complaint under 42 U.S.C. §1983. The Prison Litigation Reform Act applies to this case because the plaintiffs were incarcerated when they filed their complaint. That law requires courts to screen complaints to identify cognizable claims; courts are also required to dismiss complaints or portions of complaints that are frivolous, malicious or fail to state a claim. 28 U.S.C. §1915A(b). On August 30, 2019, the court dismissed the complaint as to Blizzard because he failed to pay the filing fee and diligently prosecute the case; the court dismissed the complaint as to Mott because his claims either were barred by Heck v. Humphrey or were not yet ripe for adjudication. Dkt. No.14. A little more than a week later, Mott filed a motion for reconsideration. Dkt. No. 16.

Although Mott does not cite a rule in support of his motion for reconsideration, there are two rules that parties generally use to ask courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to

alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

Mott's motion was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Mott's motion does not present newly-discovered evidence. Instead, Mott attempts to clarify his allegations by providing the court with additional information. The court's analysis of whether Mott's complaint stated a claim was limited to the allegations in that complaint; new allegations, or new information, are not relevant to whether the court made a mistake in dismissing the complaint. Even with Mott's clarifications, the court has no basis for concluding that its decision that his claims either were barred by Heck v. Humphrey or were not ripe for adjudication constituted a manifest error of fact or law.

2

In its screening order, the court explained that it understood Mott to be alleging that an extended supervision condition prohibiting him from accessing the internet violated the First Amendment. The court explained that to the extent the sentencing court imposed the internet restriction condition, Mott could not use §1983 to challenge the condition unless he first showed that the conviction or condition had been reversed on appeal, expunged by executive order, or declared invalid by a state tribunal or a federal court in a *habeas corpus* proceeding. Dkt. No. 14 at 7-8 (citing Savickas v. Walker, 780 Fed. App'x 592, 594 (7th Cir. 2006)). The court further explained that to the extent Mott sought to challenge a condition that had not yet been imposed on him (because he currently is incarcerated and therefore not subject to the supervised release condition), his claim was not yet ripe. Id. 8-9.

In his motion, Mott clarifies that the internet restriction was not imposed by the sentencing court, but by his supervising agent Shannon Meyer. Dkt. No. 16 at 2-3. He explains that, when he previously was on supervised release, three other supervising agents allowed him to use the internet with "covenant eyes" filtering software, but Meyer "took all of it away." Id. at 3.

The court's analysis under Heck applies even though Meyer, rather than the sentencing court, imposed the internet restriction condition. Section DOC of the Wisconsin Administrative Code details the obligations of a supervising agent when an offender is placed on supervision. One of those obligations is to "[e]stablish rules and explain and provide the offender with a copy of the rules and conditions" Wis. Admin Code DOC §328.04(d). Mott asserts in his motion

that he is "currently serving a sentence of 1 yr 7 months 23 days for violating a[n] extended supervision rule [he] signed on 7/24/18." Dkt. No. 16 at 1.

Meyer had authority under state law to establish the conditions of Mott's prior periods of supervised release. As the court explained in the screening order, Mott cannot challenge those conditions in a §1983 lawsuit. Instead, he may challenge the condition in state court under Wis. Admin Code DOC §328.12, which allows offenders to raise concerns regarding their supervision (there are exceptions not relevant here), or he may challenge the conditions in federal court by filing a writ of *habeas corpus*. And regardless of who imposed conditions in the past, a claim based on conditions that may be imposed in the future is not ripe because there is no guarantee that Mott will ever be subject to a particular condition. Mott himself acknowledges in his motion that the conditions of his release may differ depending on who his supervising agent is. Dkt. No. 16 at 3 (explaining that three other agents prior to Meyer allowed him to use the internet).

Because Mott has not demonstrated a manifest error of law or presented newly discovered evidence, the court will not reconsider its decision under Rule 59(e). The court also will deny his motion to the extent he relies on Rule 60(b). That rule allows a court to relieve a party from a final judgment for the following reasons:

>  (1)  mistake, inadvertence, surprise, or excusable neglect;
>  (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3)  fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). For the reasons already explained, Mott's motion does not convince the court that it made a mistake. Also as discussed, Mott has not presented newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that the defendants obtained the judgment by fraud, misrepresentation or misconduct, so he is not entitled to relief under Rule 60(b)(3). The judgment is not void, nor has it been satisfied, so subsections (b)(4) and (b)(5) are not applicable. Finally, subsection (b)(6), the "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). Mott has not presented extraordinary circumstances. The court will deny the plaintiff's motion for reconsideration to the extent that it is a motion for relief from judgment under Rule 60(b).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 16.

Dated in Milwaukee, Wisconsin, this 9th day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**